# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
www.flmb.uscourts.gov

**In re:**

**BAY AREA HEALTH, LLC**                         Case No. 8:20-bk-03758-CPM
                                                 Chapter 7

    **Debtor(s)**
_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW, STEWART ABRAMSON, *et. al*., a creditor and party in interest in the above-styled Chapter 7 case, (hereinafter "Abramson"), by and through his undersigned counsel, hereby moves this Court for entry of an order granting partial relief from the automatic stay, and in support thereof would show:

1. This is a motion to obtain an order granting partial relief from the automatic stay under §362 of the Bankruptcy Code.

2. On May 14, 2020, Debtor filed its Petition under Chapter 7 of the Bankruptcy Code.

3. On October 10, 2019, Abramson filed a class action Complaint against Debtor and Federal Insurance Company in the U.S. District Court, Middle District of Florida, being case number: 8:19-cv-02523-TPB-AAS. The Complaint sought, amongst other things, damages for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. The Plaintiff later amended his complaint to add XenCall, a software provided who assisted the Debtor in making robocalls.

4. In the TCPA lawsuit, Abramson alleges that Federal Insurance Company, through its agent, hired the Debtor to place telemarketing robocalls advertising Federal's insurance policies, that

those robocalls violated the TCPA, and that Federal Insurance is vicariously liable for the calls placed on its behalf. Discovery had already commenced and the Court in the TCPA lawsuit had recently granted a motion to compel for discovery that was being sought by Abramson, including the discovery that Abramson seeks through this motion.

5. In light of the automatic stay that commenced upon the filing of Debtor's bankruptcy petition, the district court stayed the TCPA case, until the Plaintiff obtained relief from the automatic bankruptcy stay because much of the discovery in the case would necessarily come from Debtor, who placed the robocalls in question and holds many of the relevant documents. 8:19-cv-02523-TPB-AAS (Doc. 67).

6. Abramson requests partial relief from the automatic stay to proceed with the TCPA action against the non-debtor Federal Insurance and XenCall, as well as to obtain the discovery from the Debtor that is relevant to that action.

7. Documents needed from the Debtor include, but may not be limited to:

- The complete call records of each call placed during the telemarketing campaign at issue;
- The complete lead records for each person called during the telemarketing campaign, identifying who was called, the source from which their personal data was obtained, and all associated lead data;
- Debtor's contracts and agreements with Federal Insurance or Health Insurance Innovations or any other third parties involved in the telemarketing campaign;
- Debtor's contracts and agreements with the third party data brokers who provided Debtor with the lead data for the consumers called during the telemarketing campaign;
- Invoices sent to or received from Federal Insurance or Health Insurance Innovation or any other third parties involved in the telemarketing campaign;
- Invoices sent to or received from the third party data brokers;
- Debtor's communications concerning the telemarketing campaign with Federal Insurance or Health Insurance Innovation or any other third parties involved in the campaign;
- Debtor's communications with the third party data brokers;

- The scripts and records for each version of the pre-recorded call used in the telemarketing campaign;
- Manuals, user guides, marketing materials, and other documents describing the dialing system used to place the calls at issue.

8. In addition, Abramson will seek to depose Debtor concerning the allegations in the complaint and the relevant documents.

9. Accordingly, Abramson is seeking stay relief for the limited purpose of obtaining discovery from Debtor in order to proceed against the non-Debtor Defendant in the District Court case.

10. Abramson conferred with Richard M. Dauval, Esq., the trustee for this matter, who has consented to the relief requested.

11. The foregoing constitutes cause for relief from the automatic stay.

WHEREFORE, STEWART ABRAMSON, *et. al*, respectfully prays this Court consider the foregoing and enter an order: (a) granting this Motion; (b) modifying the automatic stay to permit Creditor to obtain discovery from the Debtor in connection with the Creditor's pending district court case; and (c) granting such other and further relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ *Barbara C. Leon, Esq.*
Christie D. Arkovich, Esq.
Florida Bar No. 963690
Barbara C. Leon, Esq.
Florida Bar No. 582115
Primary E-mail:
barbara@christiearkovich.com
Service email:
christie@christiearkovich.com
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808

(813) 258-5911 (Facsimile)
Attorneys for Movant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically, this June 22, 2020 to:

Buddy D. Ford, Esq.
All@TampaEsq.com
Buddy@TampaEsq.com
Counsel for Debtor

*Trustee*
Richard M Dauval
P.O. Box 13607
St. Petersburg, FL
33733-3607
727-327-3328

*U.S. Trustee*
United States Trustee - TPA7/13
Timberlake Annex,
Suite 1200
501 E Polk Street
Tampa, FL 33602
813-228-2000

/s/ *Barbara C. Leon, Esq*
Barbara C. Leon, Esq.